FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LEANDRA LOUISE D.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 1:18-CV-03096-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF
Nos. 13 & 14. Plaintiff brings this action seeking judicial review, pursuant to 42
U.S.C. § 405(g), of the Commissioner's final decision, which denied her
application for Supplemental Security Income under Title XVI of the Social
Security Act, 42 U.S.C §§ 1381-1383F, and her application for Disability
Insurance Benefits under Title II of the Act, 42 U.S.C. § 401-434. Administrative
Record ("AR") 1144-57. After reviewing the administrative record and briefs filed
by the parties, the Court is now fully informed. For the reasons set forth below, the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I.    JURISDICTION

Plaintiff filed her application for Disability Insurance Benefits on March 14, 2012, and her application for Supplemental Security Income benefits on March 15, 2012. AR 15, 100, 118. Her alleged onset date of disability is November 14, 2010. AR 15, 101. Plaintiff's application was initially denied on June 4, 2012, AR 15, 107; and on reconsideration on July 16, 2012, AR 15, 137. A hearing with Administrative Law Judge ("ALJ") Timothy Mangrum was held on December 3, 2013. AR 15, 25-69. The ALJ issued a decision finding Plaintiff ineligible for disability benefits on May 7, 2014. AR 15-24. On November 18, 2015, the Appeals Council denied Plaintiff's request for review. AR 1-4. On August 26, 2016, this Court granted the parties' Stipulated Motion for Remand, AR 1230-35, and remanded the matter back the ALJ for further proceedings. AR 1227-29.

A second hearing was held with ALJ Mangrum on July 12, 2017. AR 1144, 1175-1204. On April 6, 2018, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 1144-1157. Subsequently, the Appeals Council did not assume jurisdiction of this matter, thus ALJ's ruling became the "final decision" of the Commissioner. 20 C.F.R. § 404.984(d).

Plaintiff timely filed the present action challenging the denial of benefits, on June 7, 2018. ECF Nos. 1 and 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done

for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

*Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

# IV.   STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 34 years old on the date of the alleged disability onset. AR 119, 1155. She has limited education and is able to communicate in English. AR 1155. Plaintiff has past relevant work as a cashier. *Id*.

# V.   THE ALJ'S FINDINGS

The ALJ determined that Plaintiff has not been under a disability within the meaning of the Act from November 14, 2012, the alleged disability onset date, through April 6, 2018, the date of his decision. AR 1157.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 14, 2010, the alleged onset date (citing 20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.). AR 1146.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: GERD; headaches; asthma; left shoulder disorder; intellectual disorder; affective disorder (depression), and anxiety disorder (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). *Id*.

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 1147.

**At step four**, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416. 967(b), with the following exceptions: she can occasionally reach overhead with the upper left extremity; frequently handle and finger with the left upper extremity; occasionally push and pull with the left upper extremity; she can never climb ladders, ropes, or scaffolds; she must avoid concentrated exposure to pulmonary irritants (fumes, dust, odors, and gases); she can perform work with specific vocational preparation levels of 1 and 2 (i.e. unskilled work), where she can learn tasks in 30 days or less; she can tolerate few workplace changes; make simple routine decisions; and have frequent interaction with the public and coworkers. AR 1149-50.

The ALJ determined that Plaintiff is able to perform past relevant work as a cashier. AR 1155.

In the alternative, **at step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform. *Id*. These include furniture rental consultant, bakery worker – conveyer line, and scaling machine operator. AR 1156.

//

//

# VI.   ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ reversibly erred by: (1) improperly rejecting Plaintiff's symptom testimony; and (2) improperly evaluating the medical opinion evidence. ECF No. 13 at 1.

# VII.   DISCUSSION

## A. The ALJ Properly Discredited Plaintiff's Subjective Complaints.

Plaintiff argues that the ALJ erred by rejecting Plaintiff's symptom complaint testimony without providing clear and convincing reasons for doing so. ECF No. 13 at 10-16.

### 1.  Legal standard.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284.

When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 1151. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 1151-54.

### 2. The ALJ properly discredited Plaintiff's subjective complaints due to evidence of malingering.

First, the ALJ pointed to recorded instances in which medical providers indicated Plaintiff was malingering. AR 1152. Affirmative evidence of malingering supports rejecting a claimant's testimony. *See Benton ex. el. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

The first instance occurred in 2008 when Dr. Toew reported that "she did not appear interested or motivated to do well" during the testing portion of her examination. AR 386. The doctor also concluded that Plaintiff's motivation to work was questionable as he suspected that she may be "motivated to seek disability benefits" after receiving loss compensation. *Id*. In 2010, another medical professional reported that Plaintiff had made inconsistent reports of pain and was displaying "drug seeking behavior." AR 741-43. An ALJ may discredit a claimant when there is a likelihood that the claimant was exaggerating complaints of physical pain in order to feed his or her addiction to a prescription medication. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

Thus, based on affirmative evidence of malingering, the ALJ did not err by discrediting Plaintiff's subjective complaint testimony.

### 3. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistencies with the medical evidence.

In addition to evidence of malingering, the ALJ offered three other clear and convincing reasons for discrediting Plaintiff's subjective testimony. AR 1150-55. First, the ALJ noted multiple inconsistencies between Plaintiff's subjective complaints and the medical evidence. *Id*. This determination is supported by substantial evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Commissioner of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Further,

inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); s*ee also Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 9th Cir. 1999) (an ALJ's determination that a claimant's complaints are inconsistent with clinical evaluations can satisfy the requirement of stating a clear and convincing reason for discrediting the claimant's testimony).

To support this finding, the ALJ pointed to multiple normal and mild examination findings as well as CT and MRI scans that showed that were negative or showed no significant abnormalities. AR 1151, 444-45, 455, 768-69.

Based on the above, the ALJ determined that the objective medical evidence in the record did not fully support Plaintiff's statements of intensity, persistence, and limiting effects of her symptoms. AR 1151. Thus, the ALJ did not err discrediting Plaintiff's subjective complaint testimony due to inconsistencies with objective medical evidence. These benign findings throughout examinations and evaluations suggest Plaintiff's impairments are not as debilitating as alleged.

Thus, based on the above, there is substantial evidence to support the ALJ's finding that Plaintiff's alleged impairments were not as disabling as Plaintiff claims. As such, the ALJ did not err in discrediting Plaintiff's subjective

complaints due to inconsistencies with objective medical evidence. *See*

*Regennitter*, 166 F.3d at 1297.

### 4. The ALJ properly discredited Plaintiff's subjective complaints due to her activities of daily living.

Next, the ALJ found that Plaintiff's allegations of completely disabling

limitations were belied by her actual level of activity. AR 1153. Activities

inconsistent with the alleged symptoms are proper grounds for questioning the

credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113

("[e]ven where those activities suggest some difficulty functioning, they may be

grounds for discrediting the claimant's testimony to the extent that they contradict

claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261

F.3d 853, 857 (9th Cir. 2001).

For instance, the ALJ found that Plaintiff's abilities to independently

maintain her own hygiene; cook meals for herself and her husband; wash dishes;

do laundry; grocery shop; play video games and attend a Bible study group were

not consistent with her claimed level of disability. AR 1153, 385, 624-25. *See*

*Morgan,* 169 F.3d at 600 (claimant's ability to fix meals, do laundry, work in yard,

and occasionally care for friend's child were evidence of ability to work because

they reflected participation for substantial part of day in pursuits involving

performance of physical functions transferable to work setting).

In addition to the above, Plaintiff had regular employment from 1997 through 2010 and left previous jobs for reasons other than her impairments. AR 259, 623, 1153. For example, she quit her job as a cashier at Walmart when her father underwent heart surgery and she left her position at Blockbuster because she needed more hours, *Id*. *See Thomas*, 278 F.3d at 958-59 (a claimant's work record is an appropriate consideration in weighing her symptom complaints); 20 C.F.R. § 404.1529(c)(3) (2011).

As such, the ALJ properly determined that Plaintiff's activities did not support the level of disability she alleged and provided multiple clear and convincing reasons for such determination.

### 5. The ALJ properly discredited Plaintiff's subjective complaints due to inconsistency with treatment.

Finally, the ALJ found that Plaintiff's allegations of disabling limitations are inconsistent with the level of treatment she sought during the relevant time period. AR 1151-54. The Ninth Circuit has indicated that a claimant's statements may be less credible when treatment is inconsistent with the level of complaints, or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. The ALJ pointed to ample inconsistencies between Plaintiff's allegations and her actual level of treatment.

For example, the ALJ noted that Plaintiff's medical provider reported a history of Plaintiff's non-compliance in using her migraine medication regularly

such as running out of her Topamax medication and not obtaining refills, AR
1152, 768; in July 2013, she stopped taking migraine medication all together, AR
1152, 1096; and importantly, that there is no evidence in the record of her going to
see a neurologist; and she did not pursue mental health treatment, AR 1152.
"Unexplained, or inadequately explained, failure to seek treatment … can cast
doubt on the sincerity of [a] claimant's pain testimony." *Fair v. Bowen*, 885 F.2d
597, 603 (9th Cir. 1989). Further, after November 2010, Plaintiff received only
conservative treatment for her left shoulder impairment. AR 1151. In 2013, the
only treatment recommended for treating Plaintiff's GERD was a once-daily, over-
the-counter medication. AR 1132; *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir.
2007) (evidence of conservative treatment is sufficient to discount a claimant's
testimony regarding severity of an impairment); *see also Bunnell v. Sullivan*, 947
F.2d 341, 345-47 (9th Cir. 1991) (an ALJ may reject a claimant's statements and
testimony as not credible based on the nature of treatment received).

The ALJ also noted that the record showed Plaintiff's impairments were
improved with treatment. AR 1151-52. For instance, records show that Plaintiff's
migraines were effectively controlled with Topamax, AR 768; she reported that her
nausea was under better control with medication, AR 1066; and she reported that
Fioricet helped with her headaches, AR 1064. *See Burch v. Barnhart*, 400 F.3d
676, 681 (9th Cir. 2005) (an ALJ may find a claimant's subjective symptom

testimony not credible based on evidence of effective responses to treatment); *see also* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3). As such, the ALJ properly determined that Plaintiff's level of treatment did not support level of impairment by Plaintiff.

The record supports the ALJ's determination that Plaintiff's conditions were not as limiting as Plaintiff's alleged. The ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

Here, the ALJ provided multiple reasons that are substantially supported by the record to explain the adverse credibility finding. The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

//

**B. The ALJ Properly Weighed the Medical Opinion Evidence.**

Plaintiff also asserts that the ALJ erred in weighing the medical opinion evidence from two providers: (1) Evaluating psychologist, Arch Bradley, M.Ed.; and (2) Treating provider, Jennifer Williams, P.A. ECF No. 13 at 16-19.

**1. Legal standard.**

Title II's regulations, and accordingly, the Ninth Circuit, distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining physicians). *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *see* 20 C.F.R. § 404.1527(c)(1)-(2). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a nonexamining physician's. *Holohan*, 246 F.3d at 1202. In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over those of non-specialists. *Id.*

In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). If a treating or

examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

The ALJ satisfies the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotation marks omitted). In contrast, an ALJ fails to satisfy the standard when he or she "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his [or her] conclusion." *Id.* at 1012-13. When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Importantly, the "specific and legitimate" standard analyzed above only applies to evidence from "acceptable medical sources." *Molina*, 674 F.3d at 1111.

These include licensed physicians, licensed psychologists, and various other specialists. *See* former 20 C.F.R. §§ 404.1513(a) (2014).

"Other sources" for opinions—such as nurse practitioners, physician's assistants, therapists, teachers, social workers, chiropractors, and other nonmedical sources—are not entitled to the same deference as acceptable medical sources.[1] *Molina*, 674 F.3d at 1111; *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); *see* 20 C.F.R. § 404.1527(f). ALJs must consider nonmedical sources' lay observations about a claimant's symptoms or how an impairment affects ability to work. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ may discount a nonmedical source's opinion by providing reasons "germane" to each witness for doing so. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

## 2. Evaluating psychologist, Arch Bradley, M.Ed.

Plaintiff argues that the ALJ improperly discredited Mr. Bradley's opinion. ECF No. 13 at 16-18. In August 2003, nearly seven years prior to Plaintiff's November 2010 alleged onset date, Mr. Bradley completed a psychological evaluation form assessing Plaintiff's eligibility for disability benefits. AR 362-65. In his evaluation, Mr. Bradley opined that Plaintiff' intellectual functioning was

---

[1] For claims filed on or after March 27, 2017, licensed nurse practitioners and physician assistants can qualify as acceptable medical sources in certain situations. *See* 20 C.F.R. § 404.1502(a)(7)-(8). As Plaintiff filed her claim in 2012, this does not apply here.

borderline; she had below average vocabulary, abstract reasoning, development, memory for detail, visual reasoning/problem solving; and that her reading comprehension was at a fifth-grade level. AR 364.

The ALJ did not consider Mr. Bradley's opinion because it predated the relevant period and pertained to periods long before her alleged date of disability. AR 1155. Medical opinions that predate the alleged onset of disability are of limited relevance. *Carmickle*, 533 F.3d at 1165. An ALJ may give little weight to opinions that were rendered prior to the claimant's alleged disability onset date. *Id*. Plaintiff asserts that the ALJ erred by refusing to consider the opinion for this reason as intellectual functioning is presumed to remain fairly constant throughout a claimant's life. ECF No. 13 at 17. The Court disagrees.

To establish a claimant's eligibility for disability benefits under the Social Security Act, it must be shown that: (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). Here, Dr. Bradley's opinion does not establish Plaintiff's eligibility for disability benefits.

Plaintiff was employed for significant time periods throughout the years between Dr. Bradley's opinion and Plaintiff's alleged onset date, with her most recent employment ending in 2010. AR 277, 281, 1155. If Plaintiff had been constantly disabled from 2003 through the end of the relevant time period, she would not have been able to engage in substantial gainful employment. The record is clear that Plaintiff was able to perform work activities several years after Dr. Bradley's opinion. *Id.*

It is the ALJ's task to sort through "conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings," which the ALJ did here. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his rejection of Dr. Bradley's opinion.

### 3. Treating source, Jennifer Williams, P.A.

Plaintiff also insists that the ALJ erred by finding that Ms. Williams' opinion supported a finding of non-disability without fully developing the

provider's opinion. ECF no. 13 at 18-19. The opinion testimony of Ms. Williams,

falls under the category of "other sources." "Other sources" for opinions include

nurse practitioners, physicians' assistants, therapists, teachers, social workers,

spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An

ALJ is required to "consider observations by non-medical sources as to how an

impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226,

1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or

disability absent corroborating competent medical evidence. *Nguyen*, 100 F.3d at

1467. An ALJ is obligated to give reasons germane to "other source" testimony

before discounting it. *See Dodrill*, 12 F.3d at 919.

In August 2012, Ms. Williams opined that Plaintiff would "miss some work

due to medical impairments," but did not provide a specific number of days that

would be missed per month. AR 716. However, Ms. Williams further opined that

plaintiff's prognosis was fair and that work on a regular and continuous basis

would not deteriorate her condition. AR 1154.

The ALJ assigned less weight to Ms. Williams opinion because it did not

provide specific limitations precluding her from performing work activities, it was

inconsistent with the medical evidence regarding severity of Plaintiff's

impairments, and indicated that Plaintiff had a greater functional capacity than was

assigned by the ALJ. AR 1154-55. *See Morgan*, 169 F.3d at 601 (noting an ALJ

may reject an opinion that does "not show how [a claimant's] symptoms translate into specific functional deficits which preclude work activity"); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason to discount statements from other sources).

Because the ALJ presented a reasonable interpretation of Ms. Williams' opinion along with other evidence in the record, the Court will not second-guess it. *See Reddick*, 157 F.3d at 725; *Rollins*, 261 F.3d at 857; *Molina*, 674 F.3d at 1111; *Thomas*, 278 F.3d at 954; *supra* at p. 23. Thus, the Court finds that the ALJ did not err in his consideration of Ms. Williams' opinion because he provided germane reasons to support a finding of less credibility.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

///

///

///

3. Judgment shall be entered in favor of Defendant and the file shall be

**CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

Order, forward copies to counsel and **close the file**.

**DATED** this 30th day of September, 2019.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge